J-A16015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL MCNEELY | : | |
| | : | |
| v. | : | |
| | : | |
| MAXANNA PROPERTIES, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: MICHAEL MCNEELY | : | No. 1098 WDA 2023 |

Appeal from the Order Entered September 7, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  22-000082

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY KUNSELMAN, J.:           **FILED: July 31, 2024**

Defendant, Michael McNeely, appeals from the order denying his petition to set aside the sheriff's sale of his home.  Because Mr. McNeely breached a consent decree concerning the preservation and possession of the home pending appeal, we dismiss this appeal.

Huntington Nation Bank held the mortgage on Mr. McNeely's home, and, when he failed to make timely payments, Huntington commenced this action to foreclose on the property.  Huntington obtained a default judgment against Mr. McNeely.  On July 3, 2023, the Sheriff of Allegheny County sold the home to Maxanna Properties, Inc. ("Buyer").  Three weeks later, Mr. McNeely filed a petition to set aside the sheriff's sale, and Buyer intervened to oppose the petition.  After briefing and argument, the trial court denied the petition.

This timely appeal followed. In response, on October 24, 2023, Buyer filed a motion pursuant to Pennsylvania Rules of Appellate Procedure 1701 and 1733 to compel Mr. McNeely to preserve the home pending appeal.

On November 14, 2023, the parties entered a consent order granting Buyer's motion. They agreed Mr. McNeely would (1) maintain the condition of the property, (2) pay the utilities, (3) insure the property with Buyer named as payee, (4) pay $4,100 per month into escrow to reside in the home during this appeal, and (5) allow Buyer to inspect the property. *See* T.C.O., 11/14/32, at 1-2. If Mr. McNeely failed "to comply with the conditions and requirements set forth in this Consent Order, [he] agrees to the dismissal of [his] appeal" to this Court. *Id.* at 2.

Mr. McNeely failed to make the monthly payments, and, on February 6, 2024, the trial court entered an order finding him in default of the parties' consent order. The court gave him five days to cure the default. *See* T.C.O., 2/6/24, at 1.

On March 27, 2024, Buyer filed a motion with this Court to dismiss Mr. McNeely's appeal, based on his breaching of the consent order. Attached to the motion is the affidavit, dated March 14, 2024, of Buyer's attorney attesting to Mr. McNeely's failure to pay the required $4,100. *See* Buyer's Motion to Quash, Exhibit D.[1] Mr. McNeely did not file a response opposing the motion.

---

[1] Although Buyer titled its motion as a motion to quash, the relief it is requesting is actually a dismissal of the appeal. As such, we treat the motion as a motion to dismiss.

Because a consent order "is regarded as a contract between the parties, it must be construed the same as any other contract." ***Lower Frederick Twp. v. Clemmer***, 543 A.2d 502, 510 (Pa. 1988). As such, a consent order "must be interpreted in accordance with the general principles governing the interpretation of all contracts." ***Commonwealth by Shapiro v. UPMC***, 208 A.3d 898, 909 (Pa. 2019). "In interpreting the terms of a contract, the cardinal rule followed by courts is to ascertain the intent of the contracting parties." ***Id.*** "If the contractual terms are clear and unambiguous on their face, then such terms are deemed to be the best reflection of the intent of the parties." ***Id.***

Here, by the clear and unambiguous terms of the parties' consent order, Mr. McNeely agreed to pay $4,100 per month into escrow during this appeal. Failing that, he agreed to the dismissal of this appeal. The record reflects and the trial court concluded that he did not make the monthly payments required to maintain this appeal. By not responding to Buyer's motion to dismiss, Mr. McNeely does not persuade us that this appeal should continue.

Thus, we hold that, as a matter of contract law, Mr. McNeely has agreed to the dismissal of this appeal. We enforce the unambiguous language of the parties' contract and grant Buyer's motion to dismiss.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/31/2024